UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RCG ADVANCES, LLC,                                            **CASE NO**.

        Plaintiff,

v.

DAVID FEINGOLD, individually, and
FEINGOLD MORGAN SANCHEZ, LLC,
a Florida limited liability company

        Defendants.
_____/

## COMPLAINT

Plaintiff, RCG ADVANCES, LLC (formerly Richmond Capital Group, LLC) ("**RCG**" or "**Plaintiff**"), by and through its undersigned counsel, sues Defendants DAVID FEINGOLD ("**Feingold**") individually, and the law firm of FEINGOLD MORGAN SANCHEZ, LLC ("**Feingold Morgan Sanchez**") (collectively, the "**Defendants**"), and alleges as follows:

## NATURE OF ACTION

1.  RCG brings this action against its former attorney, Feingold, and his law firm to recover over $4,000,000.00 that Plaintiff entrusted Feingold to hold in escrow for the payment of expected settlements, but which Feingold misappropriated and converted for his own benefit. Plaintiff asserts claims for breach of contract, breach of fiduciary duty, and conversion.

## PARTIES, JURISDICTION, AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship. Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

1

Citigroup Center • 201 S. Biscayne Blvd. • Twenty-Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428

3. This Court has personal jurisdiction over Defendants. Feingold, an attorney, is licensed to practice law in the State of Florida and resides in the Southern District of Florida. Feingold Morgan Sanchez is a Florida limited liability company with its principal place of business located in this District.

4. At all relevant times, Feingold was the managing member of Feingold Morgan Sanchez.

5. RCG is a New York limited liability company with its principal place of business in New York, New York.

6. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(1) because both Defendants reside in this District.

## GENERAL ALLEGATIONS

7. In December 2018, RCG's manager, Robert Giardina ("**Giardina**") met with Feingold regarding a subpoena that RCG had received in connection with a state investigation.

8. At that meeting, Feingold advised that it would be in RCG's interest to transfer RCG's funds to him and his law firm to hold in escrow, so the funds would be available to pay potential future claims and settlements.

9. Feingold represented to RCG that, given the large amount of money to be held in escrow (millions of dollars), the escrowed funds would be invested in an interest-bearing account with the interest accruing for the benefit of RCG.

10. Following the meeting, Feingold sent RCG an agreement for "Escrow Services/Attorney Services" which outlined the terms of representation and maintenance of client funds (the "**Escrow Agreement**"), a "claim form" for potential claimants to fill out, and wiring instructions for Feingold Morgan Sanchez escrow account.

11. Giardina signed the Escrow Agreement on behalf of RCG and returned it to Feingold. A true and accurate copy of the Escrow Agreement dated December 10, 2018 is attached as "**Exhibit A**."

12. In reliance on the Escrow Agreement, RCG sent $9,070,000.00 to Defendants (the "**Escrow Funds**"), specifically noting on each wire that the funds were to be held in "[e]scrow for litigation, settlement, & attorney fees."

13. Central to their purpose, the Escrow Funds were to be readily available to fund settlements, judgments, and claims. The Seventh Paragraph of the Escrow Agreement states that Defendants:

> shall receive in escrow from you sums of money (the "Money") *to be used to pay any fines, settlements, judgements, pending or threatened claims or any potential liabilities or monies owed that we believe based on the information that we have that may be asserted against you or your company, including but not limited to litigation, arbitrations, governmental fines, investigations or actions* or claims of professionals of employees for fees or monies owed ("the Claims").

(emphasis added).

14. At no time were Defendants authorized to invest the Escrow Funds in any manner that would make the Escrow Funds illiquid or otherwise unavailable for the intended purpose of payment of settlements, judgments, and claims against RCG.

15. On June 10, 2020, the Federal Trade Commission ("**FTC**") filed a Complaint against several parties, including RCG, in the Southern District of New York arising out of the merchant cash advance business ("**FTC Litigation**").

16. Plaintiff engaged New York counsel to represent it in the FTC Litigation, and Feingold communicated with Plaintiff's New York counsel, providing advice and direction to Plaintiff and its New York counsel regarding the litigation and communications with the FTC.

3

Citigroup Center • 201 S. Biscayne Blvd. • Twenty-Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428

17. As Plaintiff was negotiating a settlement with the FTC in early 2022, RCG informed the FTC that RCG had placed millions of dollars in escrow with Defendants, and that those funds would be available to satisfy RCG's financial obligations under the proposed settlement.

18. In mid-March 2022, as the FTC was preparing settlement documents, the FTC requested RCG's escrow account information. In response, Feingold disclosed for the very first time that the Escrow Funds were actually in a hedge fund brokerage account and not a bank account.

19. In response to requests for information about the Escrow Funds from the FTC and from RCG and its attorneys, Feingold provided a cropped version of an account statement from the purported hedge fund (the "**Hedge Fund**") to the FTC.

20. When the FTC emailed a manager of the purported Hedge Fund, he assured the FTC that sufficient funds existed to satisfy the proposed settlement between RCG and the FTC.

21. The following day, the FTC requested Feingold, as RCG's escrow agent, to execute a guaranty with respect to the Escrow Funds.

22. Rather than provide the requested guaranty, Feingold stated in response that he was resigning as RCG's escrow agent, and named a replacement or successor escrow agent (the "**Successor Escrow Agent**").

23. Notwithstanding his resignation, Feingold never delivered or transferred the Escrow Funds to the Successor Escrow Agent.

24. The FTC and RCG ultimately reached a settlement agreement. On June 2, 2022, a Stipulated Order for Permanent Injunction, Monetary Judgment, and Civil Penalty was entered

4

Citigroup Center • 201 S. Biscayne Blvd. • Twenty-Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428

by the Court in the FTC Litigation ("**Stipulated Order**"). The Stipulated Order is attached as **Exhibit "B."**

25. The Stipulated Order requires:

   a. RCG's payment of $1,500,000.00 ("**First Payment**") within seven (7) days of the Stipulated Order and a second payment of $1,213,705.00 due by June 2, 2023 ("**Second Payment**");

   b. all remaining Escrow Funds were required to be turned over to the FTC, with the exception of the following allowed disbursements:

      i. payments to the State of New York pursuant to any judgment entered in the New York Attorney General ("**NYAG**") litigation;

      ii. payments made to claimants in related litigation which includes nine private party actions filed against Plaintiff in New York (the "**Related Litigation**"); and

      iii. litigation costs (including attorneys' fees).

26. Defendants failed to timely deliver the First Payment, which was due on June 9, 2023. The First Payment was finally received by the FTC on approximately one month late, due to Feingold's failure to deliver the Escrow Funds to RCG or its Successor Escrow Agent.

27. The Second Payment came due on June 2, 2023 and, to date, has not been paid due to Feingold's failure to deliver the Escrow Funds to RCG or its Successor Escrow Agent.

28. Of the $9,070,000.00 Escrow Funds that Plaintiff provided to Defendants pursuant to the Escrow Agreement, over $4,000,000.00 has not been returned to RCG and remains missing (the "**Misappropriated Funds**").

29. The Misappropriated Funds are necessary to make the Second Payment to the FTC, fund a settlement with the NYAG a fund settlements in the Related Litigation.

30. Moreover, the remaining balance of the Escrow Funds must be paid to the FTC in accordance with the terms of the Stipulated Order.

31. RCG cannot fulfill its obligations under the Stipulated Order, fund a settlement with the NYAG or fund the settlement in the Related Litigation without the Misappropriated Funds.

32. On July 28, 2023, RCG demanded that Defendants return the Misappropriated Funds, but Defendants have failed to respond and have not provided RCG or the Successor Escrow Agent with the Misappropriated Funds.

33. Defendants have retained the Misappropriated Funds for their own personal use and benefit.

34. All conditions precedent to this action have occurred, been performed, or have been waived.

35. RCG has retained the undersigned attorneys to represent it in this proceeding and are obligated to pay them reasonable attorneys' fees and costs for their services.

## COUNT I – BREACH OF CONTRACT

36. RCG realleges and incorporates the allegations set forth in paragraphs 1 through 35 above as if set forth fully herein.

37. Plaintiff engaged Feingold and Feingold Morgan Sanchez, as legal counsel and to serve as Escrow Agent of the Escrow Funds.

38. The Escrow Agreement requires that Defendants maintain the Escrow Funds on RCG's behalf for the payment of fines, settlements, judgments, or pending or threatened claims.

39. Defendants failed to maintain and protect the Escrow Funds on RCG's behalf pursuant to the terms of the Escrow Agreement.

40. Defendants have refused to return in excess of $4,000,000.00 of the Escrow Funds, in breach of the Escrow Agreement.

41. Defendants' breach of the Escrow Agreement has caused RCG to incur damages in excess of $4,000,000.00, depriving RCG of the benefit, ownership, and control of the Misappropriated Funds, leaving RCG in default of the Stipulated Order, and unable to fund a settlement with the NYAG and settlements in the Related Litigation.

**WHEREFORE**, Plaintiff RCG ADVANCES, LLC requests that this Court enter judgment against Defendants DAVID FEINGOLD and FEINGOLD MORGAN SANCHEZ, LLC for damages in excess of $4,000,000.00, pre-judgment interest, post-judgment interest, and such other relief that this Court deems just and proper.

## COUNT II – BREACH OF FIDUCIARY DUTY

42. RCG realleges and incorporates the allegations set forth in paragraphs 1 through 35 above as set forth herein.

43. RCG placed its trust and confidence in Feingold and Feingold Morgan Sanchez, as Escrow Agent, to ensure that its interests were fully protected.

44. As RCG's attorney and fiduciary, Feingold and Feingold Morgan Sanchez, owed RCG a duty to exercise a high degree of fidelity, loyalty, and good faith to safeguard and protect millions of dollars in Escrow Funds entrusted to them by RCG.

45. Defendants breached their duties to RCG by failing to maintain, protect and preserve the Escrow Funds for the intended purpose of holding and safeguarding the Escrow Funds to pay fines, settlements, judgments, relating to pending or threatened claims.

46. Defendants' breach of fiduciary duty has caused RCG to suffer damages in excess of $4,000,000.00, depriving RCG of the benefit, ownership, and control of the Misappropriated Funds, leaving RCG in default of the Stipulated Order, and unable to fund a settlement with the NYAG or in the Related Litigation.

7

Citigroup Center • 201 S. Biscayne Blvd. • Twenty-Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428

**WHEREFORE**, Plaintiff RCG ADVANCES, LLC requests that this Court enter judgment against Defendants DAVID FEINGOLD and FEINGOLD MORGAN SANCHEZ, LLC for damages in excess of $4,000,000.00, pre-judgment interest, post-judgment interest, and such other relief that this Court deems just and proper.

## COUNT III – CONVERSION

47. RCG realleges and incorporates the allegations set forth in paragraphs 1 through 35 above as if set forth fully herein.

48. RCG entrusted Defendants with the Escrow Funds for the purpose of paying fines, settlements, judgments, or pending or threatened claims on behalf of RCG.

49. The Escrow Agreement requires that the Escrow Funds shall be used for RCG's benefit to pay fines, settlements, judgments, or pending or threatened claims.

50. Defendants' purported resignation as RCG's Escrow Agent and failure to deliver the Escrow Funds to the Successor Escrow Agent have deprived RCG of the benefit of the Escrow Funds.

51. RCG demanded return of the Misappropriated Funds, but Defendants failed to return the Misappropriated Funds.

52. Instead of protecting the Escrow Funds, Defendants have converted and misappropriated the Escrow Funds for their own benefit.

53. Of the $9,070,000.00 that was previously held in escrow by Defendants, over $4,000,000.00 has been wrongfully retained and converted by Defendants for their own use.

**WHEREFORE**, Plaintiff RCG ADVANCES, LLC requests that this Court enter judgment against Defendants DAVID FEINGOLD and FEINGOLD MORGAN SANCHEZ,

8

Citigroup Center • 201 S. Biscayne Blvd. • Twenty-Seventh Floor • Miami, FL 33131 • Ph: (305) 379-9000 • Fax: (305) 379-3428

LLC for damages in excess of $4,000,000.00, pre-judgment interest, post-judgment interest, and such other relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Dated: August 8, 2023

                                  Respectfully submitted,

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**

By: */s/ Alan J. Kluger*
Alan Kluger, Esq.
Florida Bar No. 200379
akluger@klugerkaplan.com
Terri Ellen Tuchman Meyers, Esq.
Florida Bar No. 881279
tmeyers@klugerkaplan.com
Citigroup Center, 27th Floor
201 S. Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 379-9000